NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3201

KEVIN LOUIS THOMPSON,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Kevin Louis Thompson, of Waimanalo, Hawaii, pro se.

Michael D. Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Patricia A. McCarthy, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3201

KEVIN LOUIS THOMPSON,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0752060219-B-2.

_____

DECIDED:   August 12, 2008

_____

Before MAYER, LOURIE and SCHALL, Circuit Judges.

PER CURIAM.

Kevin Louis Thompson appeals the decision of the Merit Systems Protection Board, which upheld his removal by the United States Department of the Air Force from the position of civilian Air Traffic Control Specialist (Terminal) for failure to maintain an Air Traffic Control Specialist (ATCS) certificate as required by Air Force Instruction 13-203 (AFI 13-203) and 14 C.F.R., Part 65, Subpart B (14 C.F.R. § 31, et seq.).  He argues that the board erred as a matter of law because under Subpart B, he is not required to hold an ATCS certificate, but rather an Air Traffic Control Tower Operator certificate (CTO).  He also argues that the ATCS requirement in AFI 13-203 is a

fabrication counter to law, thus inherently in bad faith and patently unfair. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

This court must affirm a decision of the Merit Systems Protection Board unless the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). Because the decision of the board met these requirements, we affirm.

Thompson does not contest that he lost his ATCS certification. Instead, he argues that AFI 13-203, which required him to have this certification, was in bad faith and patently unfair. At the time of his removal, AFI 13-203 Paragraph 14.1 read: "In accordance with the Code of Federal Regulations 14, Part 65, Subpart B, Air Traffic Control Tower Operators, only personnel holding a current Air Traffic Control Specialist (ATCS) Certificate shall be authorized to perform air traffic control duties in USAF facilities." It further states: "Additionally, each individual must satisfactorily complete the FAA CTO written test or hold an FAA CTO certification." Subpart B however requires only the CTO certificate, stating that "[n]o person may act as an air traffic control tower operator at an air traffic control tower in connection with civil aircraft unless he … [h]olds an air traffic control tower operator certificate issued to him under this subpart." 14 C.F.R. § 65.31(a). The discrepancy can be accounted for because the Federal Aviation Administration has expressly granted permission to the military to add extra requirements in addition to those stated in Part 65 in FAA Order 7220.1A, chapter 1, paragraph 9. Thus, the Air Force was legally entitled to require Thompson to hold a current ATCS certificate in addition to the requirements of Subpart B, and AFI 13-203

was not a fabrication.  Without evidence that the Air Force had acted in bad faith or patently unfairly, the board deferred to the Air Force.